ED. BUCKLEY ET AL. v. MARYLAND PAVING CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY.

Argued February 13, 1890—Decided February 24, 1890.

(a) In a suit for work and labor performed during a continued period, plaintiffs' bill of particulars included items for work between August 4th and 18th. At the trial, upon call by plaintiffs, defendant produced statements of account which had been furnished by plaintiffs, and had formed the basis of bi-weekly settlements between the parties.

(b) The statements produced covered the entire period except between August 4th and 18th for which time no statement was produced, and they were relied upon by plaintiffs as proof of their claim. The last one, dated November 9th, three days before suit was brought, began with a balance for bills rendered, and was the only one containing such an item.

(c) Plaintiffs' testimony was, that in several interviews with defendant's agent, after all statements were given him, he made no objection to any of them, and that he admitted having received one for the period between August 4th and 18th; while the defendant's testimony was that the work between those dates had not been done by plaintiffs:

1. In such case, it was not error for the court to admit in evidence the item in the statement of November 9th as to balance for bills rendered; nor to refuse to rule that there was no evidence in support of plaintiffs' claim for items between August 4th and 18th sufficient to take it to the jury.

2. Nor was it error for the court to rule that, inasmuch as the defendant admitted receiving a statement covering the period between August 4th and 18th, and also the one dated November 9th, and made no objections to them, the jury might take the latter statement, starting with a balance, as prima facie evidence of plaintiffs' demand.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-LUM and MITCHELL, JJ.

No. 241 January Term 1890, Sup. Ct.; court below, No. 79 December Term 1888, C. P.

On November 12, 1888, Edward Buckley, John Hanna and Thomas Robinson issued a writ of foreign attachment against the Maryland Paving Company, and summoned John Cobourn as garnishee. Issue.

At the trial on September 30, 1889, it was made to appear

that the defendant was the contractor for paving certain streets in the city of Chester, and John Cobourn was its superintendent. The plaintiffs were employed by the defendant to unload and haul sand and stone, and to grade the streets. Settlements were made between the parties every two weeks, based on bills or statements furnished by the plaintiffs. The last work was done on November 9, 1888, and on November 12th, the plaintiffs, claiming a balance due them, issued the said writ.

The plaintiffs' statement of claim included items for hauling sand, and hoisting sand and stone from vessels, alleged to have been done from August 4, to August 18, 1888, amounting to $1,253.18, and they called on the defendant to produce the bi-weekly statements upon which they relied as the foundation of the proof of their claims. These were produced by the defendant except one for work done between August 4, and August 18, 1888, which, it was alleged, had been lost. The last statement was dated November 9, 1888, three days before the writ was issued, and began with a balance of $2,446.19 for bills rendered, being the only statement which contained such an item.

The plaintiffs offered all the statements in evidence, when the defendant objected to the item, " To Balance of Bills rendered, $2,446.19," contained in the one dated November 9, 1888.

By the court: Objection overruled; exception.[5]

The plaintiffs' testimony in regard to the items in dispute was to the effect that they had several interviews with defendant's agent after the last statement was rendered, and no objection was made to any of them; that when the parties met for final settlement, the plaintiffs for the first time learned that the statement containing items for work from the 4th to the 18th of August had been lost, and that defendant's agent then admitted that he had had such a statement some days before. The defendant's testimony was to the effect that the work claimed to have been done by the plaintiffs between August 4th and 18th, was not done by them, but by persons whom the defendants hired by the day. This was denied by the plaintiffs.

After the testimony was all submitted, the defendant moved to strike out the items relating to the work done between August 4th and 18th, on the ground that there was no evidence to support them.

By the court: Why is there no evidence to support them? There is a balance brought down.

Mr. Dickinson: The only two pieces of evidence were: (1) That witnesses have testified to the rendering of a bill for work done between August 4th and 18th. (2) Then to the rendering of the bill of November 9th carrying forward a balance due to them. I want the court to say, as a matter of law, that that is not a proving of those two items against the defendant.

By the court: We have nothing to do with those items except that it is the basis of their account. Their claim is based upon certain bills rendered, which are for a certain sum, and no objections made to them. I cannot strike out anything; exception.[1]

The court, CLAYTON, P. J., charged the jury, in part as follows:

[These bills may therefore be received by you as prima facie evidence that the work was done, and that the charges made for that work are correct. It will then be for the defendant to convince you, to a reasonable extent, that his defence is good. Now this rule of law will apply to all bills that are produced.][2] . . . . .

[As I recollect, the only evidence you have on the part of the plaintiffs for that bill (thereby meaning the items of claim between August 4th and 18th), is the fact that the balance was brought down on the next bill that was undoubtedly rendered, and that no objection was made to it, and that the defendant company admits that they received it, that they have been unable to find it, and that it was lost. It seems to me that the jury may take the bill as rendered, the one that starts with a balance, as prima facie evidence of the plaintiffs' claim, and then proceed to say what allowances shall be made to the defendant, and allowing to the defendant such amounts as may appear to be incorrect in the bills rendered. The plaintiff's prima facie claim, therefore, and you may start with that, as if it were sufficiently proven, is $2,798.91.][3] . . . . .

· The defendant requests the court to charge as follows:

1. The plaintiffs have offered no evidence in support of a part of their claim, amounting to $1,253.18, except the testi-

mony of witnesses that a bill had been rendered for work that had been done between August 4th and 18th, and the rendering of the bill of November 9th. This evidence is not sufficient to support the claim, and a further deduction of $1,253.18 should be made from the plaintiffs' claim.

Answer: Well, gentlemen, that would be to take from you the question whether that work was done or not; and, as I before stated, I think there is some evidence sufficient to take the case to the jury, that there was a balance. On the head of the next bill there was a balance carried forward, and the fact that that was received without objection, whatever it was.

Mr. Dickinson: That is not the next bill. There is no balance carried until the November bill. It is not dated until three days before the suit was brought.

By the court: Is that so?

Mr. Dickinson: The bill of November 9th is the only bill that has it on, and the suit was commenced November 12th.

By the court: Well, I will decline to affirm this point, and we will consider it hereafter, for it is a very nice question. I will leave that question for the jury, whether there is sufficient evidence that that work was done, and, as I said before, the burden is upon the plaintiff to satisfy you that the work was done.[4]

The jury returned a verdict for the plaintiffs for $1,590.39. A rule for a new trial having been argued, on December 2, 1889, CLAYTON, P. J., delivered the following opinion:

Both parties have moved for a new trial. The plaintiffs, however, have wisely concluded to let well enough alone. The greater part of the plaintiffs' claim rested upon very light evidence. They were illiterate workmen, kept no regular books, but depended altogether upon the assistance of friends to keep their accounts. For the grading, they relied upon the surveyor's estimates. They rendered bills for their work every two weeks. Upon these bills they received payments on account, the defendant company retaining a sufficient sum to indemnify them against an attachment of $400, and other contingencies. It is not likely they paid up in full as the work progressed. This would not be in the usual course of business.

The last bill rendered contained an item, stated as a balance

### Opinion of Court below.

due.   The defendant was called upon to produce all the bills rendered, and, in response to the call, produced all the bills but the one which should have shown the items from which the balance stated on the last bill was made.   The missing bill contained the items for work from August 4th to August 18th.   All the other bills were found to be reasonably correct.

The plaintiffs testified that they had several interviews with the agent of the defendant after the last bill had been rendered, and that no objection was made to any of their bills; that finally the parties met at the Cambridge Hotel for a final settlement, when, for the first time, they learned that the bill containing the items of work from the fourth to the eighteenth of August could not be found.   They say that the defendant's agent then admitted that he had had the bill a few days before, but that he had lost or mislaid it, and as soon as it could be found he would settle with them.   They say that they became alarmed and employed counsel, and soon after commenced suit.

The plaintiffs then offered in evidence all the bills produced, including the one showing the alleged balance.   To this bill the defendant objected, but it was admitted in evidence as prima facie proof of the amount due.   The defendant company proved by their agent, and corroborated him to some extent by other testimony, that the work claimed to have been done from August 4th to August 18th was not done by the plaintiffs, but by other persons hired by them by the day.   This testimony was flatly contradicted by the plaintiffs, and it was certainly for the jury to say to which they would give credence.

After being properly charged, and after due deliberation, the jury have given the plaintiffs a verdict for a sum much less than the balance claimed.   Their claim was for $2,798.21; the verdict was for $1,510.21.   The only question therefore is, Was there error in admitting the bill of November, stating the balance?

I am of opinion that it would have been a fatal error to have ruled it out.   It was certainly prima facie evidence that the balance with which it was headed was due, especially so as there was direct and convincing proof that a bill had been rendered and received by the defendant, in which the items that made up the balance were stated.   It was the defendant company's misfortune that they had lost the bill.

Opinion of the Court.

The jury were told that it was not conclusive evidence, but only prima facie proof. In the opinion of the court, the verdict is not far out of the way, and as there was no error in law the verdict must stand. Execution on the judgment to be entered on the verdict must be stayed, until the pending attachment is disposed of. Rule for new trial discharged.

Judgment having been entered on the verdict, the defendant took this appeal, assigning for error:

1. The refusal of defendant's motion to strike out.[1]
2, 3. The portions of the charge embraced in [ ] [2] [3]
4. The answer to the defendant's point.[4]
5. The admission of the plaintiffs' offer.[5]

*Mr. O. B. Dickinson* (with him *Mr. A. A. Cochran*), for the appellant.

Counsel cited: Cunningham v. Smith, 70 Pa. 459; Mellon v. Campbell, 11 Pa. 415; Wiggins v. Burkham, 10 Wall. 131; Howard Exp. Co. v. Wile, 64 Pa. 205; 2 Wharton on Ev. (1877), § 1140.

*Mr. W. B. Broomall*, for the appellees, was not heard.

In the brief filed, counsel cited: Coe v. Hutton, 1 S. & R. 397; Tams v. Bullitt, 35 Pa. 308; Darlington v. Taylor, 3 Gr. 195.

PER CURIAM:

This was a question of fact for the jury, and we are not convinced there was any error in the manner of its submission.

　　　　　　　　　　　　　　　Judgment affirmed.