## Hill *v.* Jones, Appellant.

[Marked to be reported.]

*Revocation of authority of real estate broker—Expenses incurred before revocation.*

As a general rule, the authority of a real estate broker to sell land may be revoked at any time by his principal; but if the broker has incurred expenses in connection with his agency, prior to the revocation of the authority, he may recover such expenses.

*Failure to complete sale through vendor's wife refusing to join in deed.*

Where a vendor's wife refuses to execute the deed the vendee cannot recover the value of his bargain, because the effect of permitting such recovery would be to coerce the wife into joining in a conveyance of which she disapproved: Burk v. Serrill, 80 Pa. 413.

*Real estate broker's commissions.*

Plaintiff, a real estate broker, agreed to sell defendant's building lots, receiving a commission therefor of $10 for each lot sold. Plaintiff sold two lots, when it was found that defendant's wife would not join in the deeds. For this reason no further sales were made. Suit having been brought, plaintiff was allowed to recover the whole amount of commissions that he would have been entitled to had all the lots been sold. *Held,* to be error, as there was nothing in the case to sustain such a verdict.

Argued Jan. 9, 1893. Appeal, No. 20, July T., 1892, by defendant, Robert E. Jones, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1890, No. 678, on verdict for plaintiff, Preston L. Hill. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to recover damages for the breach of a contract for the sale of building lots.

At the trial it appeared that plaintiff had agreed to sell a tract of land belonging to defendant which had been laid out in 449 building lots, for which he was to receive as compensation $10 for the sale of each lot. Plaintiff erected a temporary office upon the land and incurred expenses amounting to $233.36. After plaintiff had sold two of the lots, it was found that defendant's wife refused to join in the deeds. Defendant thereupon notified plaintiff that he was unable to carry out the agreement.

Defendant's points were as follows:

" 1. If you find from the evidence that before the agreement between Jones and Hill the latter knew the former was mar-

ried, and that, as a real estate broker and from other evidence before you, Hill knew no marketable title to the lots could be given unless Mrs. Jones was a party to the deeds; and that when he heard of her refusal to become such party he undertook to persuade her, you may infer that there was an implied condition in the agreement that its enforcement depended upon Mrs. Jones signing the deeds; and if you do so infer Hill is not entitled to recover in this action." Refused. [1]

" 2. In the statement filed the plaintiff has alleged that the defendant would not permit him to sell the lots of ground and discharged him from the undertaking to do so. There has been no evidence in support of the allegation, and therefore I direct you to find a verdict for the defendant." Refused. [2]

" 3. If you find from the evidence that Jones was willing, in good faith, to do all in his power to carry into effect his agreement with Hill, but that both knew the agreement could not be carried out in the face of Mrs. Jones's refusal to join in the deeds of sale of the lots, then Hill is entitled to recover no more than the money actually expended or incurred by him in furtherance of the agreement with legal interest; even though you are satisfied that a considerable profit might have been got by Hill had the agreement been carried into effect." Refused. [3]

" 4. It is not only the right of a wife to refuse to join in a deed for the sale of her husband's land, but the policy of the law is, that if she do join she shall be informed of her right, and only permitted to become such party when her full and free assent has been given; were it otherwise, a wife might be improvidently deprived of her home. In this case, if you believe that Jones had, at the time of his agreement, and still has, no other property than the homestead, the subject of it, a verdict against him for the loss claimed by Hill would result, indirectly, in doing what the law is solicitous to prevent; and such a verdict you should not render." Refused. [4]

The court charged as follows:

" You will find a general verdict for the plaintiff for $4,490 damages, and in addition to that for the sum of $233.36, the plaintiff's expenses." [5]

Verdict and judgment for plaintiff in accordance with the instructions of the court. Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*John G. Johnson,* with him *Alfred J. Wilkinson* and *E. Hunn Hanson,* for appellant.—Appellee was not entitled to recover if appellant was willing, in good faith, to do all in his power to carry out his agreement, and if both parties knew that the same could not be carried out in the face of Mrs. Jones's refusal to join in the deeds of sale.

It is contrary to the policy of the law to put a husband in such a position as will probably lead to such coercion of his wife, by himself, as will insure her involuntary execution of conveyances of his property: Burk v. Serrill, 80 Pa. 413; Burk's Ap., 75 Pa. 141; Riesz's Ap., 73 Pa. 490.

No amount of damages should have been directed to be found: Coffin v. Landis, 46 Pa. 426; Blackstone v. Buttermore, 53 Pa. 266; even though the agreement was for a fixed term, and if Jones was responsible for his wife's failure to join, Hill was only entitled, upon breach because of the wife's refusal, to be reimbursed his expenses: Tyson v. Eyrick, 141 Pa. 312.

The amount of the damages was to be determined by the jury, and not by the court. The damages directed to be found were excessive.

*Joseph S. Goodbread,* for appellee.—It was not incumbent upon Hill to first satisfy himself as to whether a perfect title could be made to purchaser or not. The moment he brought the seller and purchaser together he earned his commission or the amount mutually agreed upon as his compensation for selling: Keys v. Johnson, 68 Pa. 42; Pratt v. Patterson's Ex'rs, 112 Pa. 475; Hartley v. Anderson, 150 Pa. 393.

As to the measure of damages, the rule of the common law is that where a party sustains a loss by reason of a breach of contract, he is, so far as money can do it, to be placed in the same situation with respect to damages as if the contract had been performed: Robinson v. Harman, 1 Exch. 855; Evans on Principal and Agent, 404; Hoy v. Gronoble, 34 Pa. 9; Garsed v. Turner, 71 Pa. 56; Reynolds v. Poindexter, 1 Phila. 179; Fiegel v. Latour, 81 Pa. 448; Addams v. Tutton, 39 Pa. 447; Keiter v. Morton, 96 Pa. 229; Bitner v. Brough, 11 Pa. 127; McClowry v. Croghan's Admr., 31 Pa. 23; Riesz's Ap., 73 Pa. 490.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 23, 1893:

The plaintiff was employed by the defendant to negotiate the sale of certain lots. He was to have been allowed the commission of ten dollars on the sale of each lot. Shortly after this agreement was entered into the defendant learned that his wife would not sign the deed, and for this reason he was unable to go on with the arrangement. The plaintiff had sold only two of the lots before the matter was dropped for the reason already given. This suit was brought in the court below by the plaintiff to recover his commissions, and he was allowed to recover the whole amount that he would have been entitled to had all the lots been sold. The jury found a general verdict for the plaintiff for $4,490 damages, and in addition for the sum of $233.36 for plaintiff's expenses.

As a general rule the authority of a real estate broker to sell land may be revoked at any time by the principal: Coffin v. Landis, 46 Pa. 426. If the agent has incurred expenses in connection therewith, prior to the revocation of the authority, he may recover such expenses. The refusal of the defendant's wife to sign the deeds rendered it impossible for him to proceed further with the arrangement. Had a sale of the property fallen through for this reason the vendee would not have been allowed to recover the value of his bargain, because the effect of it would be to coerce the wife into joining in a conveyance of which she disapproved: Burk v. Serrill, 80 Pa. 413.

It was conceded upon the argument at bar that the allowance of the jury of $233.36 for plaintiff's expenses, was proper. This portion of the verdict can stand, but the balance of it must be set aside, as there is nothing in the case to sustain it.

The judgment is reversed as to the $4,490 and affirmed as to the sum of $233.36.

Cf. Burk v. Serrill, again in the Supreme Court, 1 Ches. Co. R. 361.