## Huffman *v.* Bradshaw.

*Vendor and vendee—Specific performance—Refusal of wife to join in the deed—Fraud.*

Where the specific performance of a contract to sell lands is rendered impossible without any fraud or collusion on the part of the husband by the refusal of the wife to join in the deed, and the purchaser is unwilling to accept the deed signed by the husband alone, specific performance cannot be decreed, but the vendee is entitled to recover as damages the amount of purchase money paid, and the cost of equity proceedings instituted to enforce specific performance.

Argued April 9, 1901.   Appeal, No. 52, April T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1900, No. 238, on bill in equity in case of Joseph E. Huffman v. Florence K. Bradshaw and Jennie Irene Bradshaw, his wife. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Bill in equity for specific performance.

From the opinion of the court it appeared that on December 14, 1899, Florence K. Bradshaw contracted in writing to sell and convey two lots to Joseph E. Huffman, plaintiff. Mrs. Bradshaw did not join in the agreement. Subsequently the vendee sent to Bradshaw the full amount of the purchase money, and tendered the deed. Mrs. Bradshaw refused to execute the deed.

The court refused the specific performance prayed for, but directed Bradshaw to refund the purchase money with interest, and to pay the costs of the suit.

*Error assigned* was the decree of the court.

*W. Macrum,* for appellant.—While the husband is seeking to hide behind his wife, he is the concocter and the perpetrator of the fraud; it is his act, not hers. He has chosen to evade performance by this particular subterfuge, and why should he not be held responsible as fully as if he had adopted one not involving his wife, and less disgraceful to him?

A man's family always suffers with him for his criminal neg-

ligence or other wrongful acts. But this is not a reason for relieving him from full legal responsibility.

Burk's Appeal, 75 Pa. 141, and Burk v. Serrill, 80 Pa. 413, settle the whole doctrine in accord with our contention. See also Peeler v. Levy, 26 N. J. Eq. 330, Hawralty v. Warren, 18 N. J. Eq. 124, and Young v. Paul, 10 N. J. Eq. 401.

*William A. Challener*, with him *James H. Payne*, for appellee.—Specific performance of an agreement to sell land will not be decreed against a vendor who is a married man and whose wife refuses to join in the conveyance so as to bar her dower, unless the vendee is willing to pay the whole purchase money and accept the deed of the vendor without his wife joining therein : Riez's Appeal, 73 Pa. 485 ; Burk's Appeal, 75 Pa. 141 ; Burk v. Serrill, 80 Pa. 413.

OPINION BY ORLADY, J., May 23, 1901 :

The plaintiff filed a bill for the specific performance of a contract, based upon the refusal of the wife of Florence K. Bradshaw, with whom he had made his contract, to join in the execution of a deed for two lots of ground. The bill, and the testimony taken in its support, contends that the refusal of the wife to join in the conveyance was prompted by the fraudulent suggestion and procurement of the husband so as to induce the plaintiff to pay a higher price for the property, or to withdraw from the contract altogether. The court refused to make a decree for specific performance, but held that the plaintiff was entitled to recover as damages the amount of purchase money paid, interest thereon, and costs of the proceeding.

It clearly appears that at the time the husband signed the contract he was well satisfied with his bargain, but that soon thereafter he learned of an unexpected increase in the market value of the lots. The wife persisted in refusing to join in the conveyance, which made a decree for specific performance out of the question ; and to relieve the husband from liability for damages for the loss of the plaintiff's bargain, he is bound to furnish satisfactory affirmative proof that the breach of his contract was not induced by his own act. The husband evidently felt that he had made an unfortunate bargain. His testimony is in accord with that of his wife, and his letters to the appellant

are open to criticism.   It was his duty as husband to fully and
fairly inform his wife of all the material facts at the time he
presented the deed for her signature.   It is not possible to
analyze her motives for refusing to join with her husband in
the conveyance, but from all the testimony we fail to find suf-
ficient evidence to warrant the conclusion that she was induced
by any unfair, collusive, or fraudulent statements.   She did not
know the property or its real value, and was justified in refus-
ing to sign the deed by the fact that a higher price would likely
be secured for it in the near future, and that " it was not a fair
bargain."   Her legal rights were not subject to the demands
of the husband, and the purchaser was fully advised of the in-
tention of Bradshaw to consult with his wife before the con-
tract should be considered as consummated.   The credibility
of the witnesses was for the court below in the first instance,
and there is not sufficient in this record to warrant us in revers-
ing the findings of fact on which the decree is founded.   The
specific performance of the contract was rendered impossible
without any fraud or collusion on the part of the husband ;
and, the purchaser being unwilling to accept the deed signed
by the husband alone, the measure of damages was correctly
determined to be the money paid, with interest and expenses :
Riesz's Appeal, 73 Pa. 485 ;  Burk v. Serrill, 80 Pa. 413 ; Burk's
Appeal, 75 Pa. 141 ;  Hill v. Jones, 152 Pa. 433 ;  Rineer v. Col-
lins, 156 Pa. 342.

The judgment is affirmed.