## Kaufmann, Appellant, *v.* Kirker.

*Contract—Damages—Defenses—Counsel fee.*

There is no law in Pennsylvania to warrant the payment, as costs of the cause, of the fees of counsel for professional services, or of value for the time bestowed, or the amount of expenses incurred by a party in its preparation and trial.

In an action to recover damages for breach of a written contract for the exchange of land, the plaintiff cannot include as a separate item of damages counsel fees, which he was required to pay in a previous equity suit brought by the defendant against the plaintiff to enforce specific performance of the contract, and resulting in a dismissal of the bill.

Argued May 5, 1902. Appeal, No. 148, April T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1901, No. 429, or verdict for plaintiff in case of Jacob Kaufmann v. John W. Kirker. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover damages for breach of a contract. Before COLLIER, P. J.

At the trial it appeared that prior to the bringing of the present action plaintiff and defendant had entered into a written agreement for the exchange of land. This agreement was not carried out and the defendant filed a bill in equity against plaintiff for specific performance. This bill was dismissed on the ground that there was a mutual mistake as to the quantity of land which was underlaid with coal. See Kirker v. Kaufmann, 31 Pitts. L. Jour. 205. In the present case plaintiff claimed, amongst other items, $2,000 which he had paid as counsel fees in the equity suit.

The court charged in part as follows :
[Then the plaintiff wants a sum of money for consulting counsel and getting advice on account of this breach, and occasioned by it. Because the defendant would not keep his bargain he alleges he had to employ the learned counsel who now represents him, and Judge Cohen, and that they went over a lot of troublesome things. The evidence of Mr. Woodward is, that $250 would be a reasonable fee for each of them for that. You are to say whether that is so, or whether the witness is specific enough for you to rest a verdict on that, being right, having to judge of it just, as to divide what the equity case was from this. If you are not clear about it, you will not allow it. The law is that you must be reasonably satisfied that it was an actual expense he was put to.

I do not remember, gentlemen, that there are any other items. If there are, and the counsel will tell me of them, I will refer to them.

Mr. Woodward : There are no others, but if your honor would pardon me, in your point as to whether I was right in making the division or not. I would like to ask the court whether it would not be right for the jury to fix the amount of that division. Undoubtedly there were services rendered, but from the way your honor put it they were either to allow that or nothing.

The Court: I said to you, gentlemen, that you can take that evidence, and if it is uncertain you should not allow it, but, if from that, you can say what it is worth, you ought to say so. It is clear that there were some services rendered by these gentlemen about the breach of this agreement.] [3]

Verdict and judgment for plaintiff for $165.   Plaintiff appealed.

*Error assigned* among others was (3) portion of charge as above, quoting it.

*M. A. Woodward*, for appellant.—The vendee has the right to recover a measure of damages that will indemnify him for the trouble and expenses incurred: Dumars v. Miller, 34 Pa. 319 ; Bitner v. Brough, 11 Pa. 127 ; Lee v. Dean, 3 Wharton, 316.

*George N. Chalfant*, for appellee.—The rule is settled in this state that in the absence of fraud, in case of inability to convey on the part of vendor, the damages are limited to the consideration paid, and to the expenses incurred by vendee arising from the breach : McNair v. Compton, 35 Pa. 23 ; Hertzog v. Hertzog, 34 Pa. 418 ; Harris v. Harris, 70 Pa. 170 ; Sedgwick on Damages (8th ed.), sec. 1017 ; Ballas v. Wolff, 11 Pa. Superior Ct. 150 ; Huffman v. Bradshaw, 17 Pa. Superior Ct. 205.

There is no authority in this state for allowance of counsel fees to successful party: Winton's Appeal, 87 Pa. 77 ; Goodman's Estate, 23 W. N. C. 235.

OPINION BY ORLADY, J., February 11, 1903 :

This action of assumpsit was brought to recover for costs, fees, expenses, loss of time and labor, sustained by the appellant by reason of a breach of a written contract.   On the trial it was practically conceded that the plaintiff was entitled to recover something, and the learned trial judge instructed the jury as follows :   " We say to you that there was a breach of the agreement and that the defendant did not keep his bargain, he did not do what he agreed to do and did not furnish the deed for the property as agreed.   That being the case, the only question for you is to say what damages the plaintiff has actually sustained by reason of the defendant's not keeping his written bargain."   The plaintiff claimed " for abstract of title, $40.00 ; for fees for passing on a certified title, $100 ; for cost of surveys, $25.00 ; for counsel fees of his attorneys, $2,000 ; for loss of time by the plaintiff in attention and labor given to the subject, $500."   A

verdict was rendered in favor of the plaintiff for $165. The evidence to support the plaintiff's claim for loss of time and labor was very meager and the case was fairly referred to the jury as follows : " Whatever his loss of time would be reasonably worth about this thing, attending to it, that was caused by the defendant not keeping his bargain, that he is entitled to, whether it be $500 or not, that is the way to get at it; what the time he lost—and there is no dispute that he did lose some time about it—was reasonably worth."

The principal contention is in regard to the plaintiff's right to recover, as damages, the item of counsel fees. There was evidence of a futile effort to close the original transaction—a written agreement for an exchange of lands—the failure of which was due to the inability of Kirker to convey the title as provided for in the agreement; or, as stated by the court, in dismissing the bill in equity brought by Kirker against Kaufmann to enforce specific performance of the contract, " on account of a material mutual mistake as to the quantity of land which was underlaid with coal." The counsel fees claimed in the present action represent the professional services rendered by two prominent attorneys in this equity case, and also in proceedings preliminary thereto, for which a charge of $1,000 each was made. Some testimony in regard to this item of counsel fees was received without objection but, on motion, it was stricken out by the court (first assignment). It appears that the objection to this item was made on the ground that counsel fees were not such expenses as could be recovered in an action for breach of contract. The trial judge sustained the objection as far as the attorneys' fees related to the equity case. Whereupon the plaintiff attempted to separate and apportion the item of counsel fees between the services rendered in the equity case and the other necessary services. The plaintiff testified that he did not know what proportion of the fee was for services prior to filing the bill in equity, but his counsel testified that the $2,000 to himself and his associate covered the entire services rendered, and that for the services preceding the equity case and connected directly with the breach of contract, they would ·have charged $250 each as a reasonable and fair division of the fee, although he frankly admitted that it was almost impossible to separate the services, which were in a way comparatively contin-

uous.   On submitting the case to the jury, the court reviewed
the testimony given by the counsel and said: "You are to
say whether it is reasonable ; or whether the witness is specific
enough for you to rest a verdict on that being right, having to
judge it just, so as to decide what the equity case was from this.
If you are not clear about it, you will not allow it.   The law
is that you must be reasonably satisfied that it was an actual
expense he was put to.   If it is uncertain, you should not allow
it, but if from that, you can say what it is worth, you ought to
say so.   It is clear that there were some services rendered by
these gentlemen about the breach of this agreement."   The
plaintiff did not submit a request for particular instruction, and
we feel that the submission of the case was more favorable to
him than the decisions warranted.

It is not an open question that upon the refusal or inability
of a vendor to execute a deed according to the terms of his con-
tract, the vendee has a right of action to recover at least nom-
inal or, as the case may be, compensatory damages.   In such
cases the calculation must be confined to the damages neces-
sarily and directly arising out of the breach of the covenant.
The fact that the verdict is the aggregate of the first three
items stated may be persuasive, but it does not necessarily follow
that everything else was excepted.   The jury may have thought
that inasmuch as Kaufmann secured the dismissal of Kirker's
bill in equity against him, with costs, and did not claim for
counsel fees in that proceeding, and that, as testified to by
counsel, it was almost impossible to separate the services, the
counsel fees might as rightly belong to that proceeding as to
be the basis of a separate claim.   Or they may have considered
the item, and the verdict may represent concessions and compro-
mises with which we have nothing to do.   We are not prepared
to hold that under such evidence the separate item of counsel
fees was an element of the plaintiff's damages.   "There is no
law in Pennsylvania to warrant the payment, as costs of the
cause, of the fees of counsel for professional services, or of value
for the time bestowed or the amount of expenses incurred by a
party in its preparation and trial : " Winton's Appeal, 87 Pa. 77.

In Commonwealth to use v. Meyer et al., 170 Pa. 380, an
action on a bond given in an attachment proceeding under the
Act of March 17, 1869, P. L. 8, it was held "that counsel fees

paid by the plaintiff in defending the attachment, the bond did not indemnify the defendant in the attachment execution for the payment of counsel fees. The words in the statute and in the condition of the bond, are 'all legal costs, fees and damages.' Over and over again, we have decided there can be no recovery for counsel fees, from the adverse party to a cause, in the absence of express statutory allowance of the same." See also Goodman's Estate, 23 W. N. C. 235. "It has long been settled that on default of a vendor, without fraud, the vendee may recover for expenses necessarily and properly incurred on the faith of the contract with the consideration" (Eberz v. Heisler, 12 Pa. Superior Ct. 388), and where specific performance of the contract is rendered impossible, without any fraud or collusion, the measure of damages should be the money paid with interest and expenses: Huffman v. Bradshaw, 17 Pa. Superior Ct. 205.

To include counsel fees as a separate item of damages, as contended for in this case, would be contrary to both the letter and the spirit of many of the decisions. The assignments of error are overruled and the judgment is affirmed.