## McMullin *v.* Reid, Appellant.

*Account stated—Submission of account—Evidence.*

In an action on an account stated, where the evidence tends to show a course of dealing between the parties, that the plaintiffs submitted a statement of account to the defendant, with demand for payment and notice that the collateral would be sold in fifteen days and that the defendant had made no answer to the statement when suit was brought twenty-five days thereafter the case was properly left to the jury to find an account stated.

Argued Oct. 24, 1905. Appeal, No. 56, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 51, on verdict for plaintiffs in case of M. K. McMullin and E. A. Clark, trading as M. K. McMullin & Company, v. William Reid. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on an account stated. Before SHAFER, J.

Verdict and judgment for plaintiffs for $66,159.58.

On a motion for a new trial, SHAFER, J., filed the following opinion:

The plaintiffs having brought an action of assumpsit against

defendant on an account stated, the defendant filed an affidavit of defense in which he denied that he ever had any dealings with the plaintiffs. The evidence showed that M. K. McMullin had originally dealt as a stockbroker with the defendant and had undertaken to carry for him certain stock. That some time after the transaction was begun between the parties, McMullin took into partnership with him a young man in his office named Clark, and that thereafter the style of the firm was M. K. McMullin & Company. That of this change the defendant had no formal notice, but that at the time of the formation of the partnership the letter heads were changed and the letters thereafter sent to the defendant in relation to the matter were written on the letter heads of McMullin & Company, and were sometimes signed McMullin & Company, and sometimes McMullin. That statements were sent regularly, from time to time, of the condition of the accounts to the defendant, the old printed form being used, and in some instances the words " and company " being added to the name of McMullin, and in others this was neglected, and that notes were renewed by the defendant sometimes in the name of McMullin, and sometimes in the name of McMullin & Company. That after the defendant had been in default for a considerable time in paying interest and notes which had fallen due, a statement of account showing a certain balance in favor of the plaintiffs was, on June 17, 1904, served upon the defendant at his home in the city of Detroit, Michigan, accompanied with a written demand for the payment of the amount and a notice that unless payment was made, the collateral held by McMullin & Company would be sold fifteen days thereafter.

This suit was brought July 11, 1904, no answer of any kind having been received by the plaintiffs from the defendant, and no communication having in the meantime passed between them. The defendant offered no evidence. We are of opinion that there was enough in the evidence to show a course of dealing between the plaintiffs as partners and the defendant upon which an account stated might be founded. There being some parol evidence, although very little, of the dealings of the parties upon which the account stated is founded, there may be some question whether it was proper to leave it to the jury to find whether under all the circumstances an account had been

stated between the parties, or whether that should have been determined as a matter of law. The question was submitted to the jury, but this, if erroneous, did the defendant no harm. If the question is one of law for the court we are of opinion that the circumstances showed an account stated. The motion for a new trial is therefore refused.

*Error assigned* was in refusing binding instructions for defendant.

*Walter Lyon*, of *Lyon, McKee & Mitchell*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellees.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.