## Louchheim *v.* Gilmore, Appellant.

*Corporations—Stock—Brokers — Nominal transfer to broker — Assessment—Owner's liability.*

A subscriber to corporate stock who ordered his certificates issued in the name of a broker who had no interest therein, is liable to indemnify such broker for an amount which he, as nominal owner of the stock, was compelled to pay as an assessment thereon, although prior to such assessment the stock was sold and the certificates duly assigned were in due course delivered to another broker, at the instance of the subscriber, but remained registered in the former broker's name owing to the failure of the purchaser to have the stock transferred to his name.

Argued Jan. 13, 1915. Appeal, No. 210, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1909, No. 3451, on verdict for plaintiff in case of Walter C. Louchheim v. John O. Gilmore. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpit for money paid to plaintiff's use. Before McMichael, P. J.

The facts appear by the following opinion of Ferguson, J., sur defendant's motion for a new trial and for judgment n. o. v.:

We see no reason for disturbing the verdict in this case. The trial judge left the question of the credibility of the witnesses to the jury, and their verdict would seem to clearly indicate that Walter C. Louchheim was the agent of John O. Gilmore. As such agent, he had in his name certain shares of stock which were liable to assessment. By instruction of Gilmore, all of these shares were sold and certificates, with blank powers to transfer, were delivered by Louchheim to the purchasers. The usual practice in stock transactions was followed, and the deliveries were sufficient, according to the practice and rules of the stock exchange.

It transpired that some of the purchasers of stock had the certificates transferred upon the books of the company and other purchasers failed in this respect and Louchheim subsequently as the registered owner of the stock, not actually transferred on the company's books, was obliged to pay assessments on the stock as the result of suits instituted by the receiver of the company. This suit is to recover the amount so paid.

Louchheim was a mere agent, as above stated. If he failed to do anything required of him by his principal, his neglect in that respect would defeat any action against his principal. If he neglected to do anything which care or custom required of him, such negligence would likewise defeat his action. If, however, he obeyed instructions, made the deliveries in the manner in which they were usually made, he performed all the duties which his agency imposed upon him.

The owner of the stock at the time of the assessment necessarily was obliged to submit to judgment in the suit to recover that assessment. Louchheim was apparently the owner and recovery was had against him.

If Gilmore had had the stock in his own name he likewise would have been obliged to submit to the judgment. The mere fact that for his own convenience and accommodation, he chose to carry the stock in Louchheim's name, cannot impose upon the latter, the primary obligation resting upon Gilmore.

It is argued that Louchheim has sued the wrong man, and that he should seek recovery from those persons who bought the stock and failed to register it, who are in reality the owners. We do not think this contention is sound. If the parties who now own the stock can be found, they are accountable to Gilmore, Louchheim's principal, and the relationship existing between Gilmore and Louchheim, in no wise imposes upon Louchheim the duty to find the parties or to rest his claim for recoupment upon the uncertainties of a law suit with them.

Had Louchheim been negligent in any way in this transaction, he doubtless would have no right to recover here, but there was no evidence of negligence. As soon, therefore, as his own loss, sustained in the performance of his duty to his principal has been ascertained, he is entitled to ask the principal to make good that loss.

Verdict for plaintiff for $1,544.25 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court and in overruling defendant's motion for judgment n. o. v.

*Albert B. Weimer,* for appellant.

*Samuel K. Louchheim,* for appellee.

PER CURIAM, February 8, 1915:
This judgment is affirmed on the opinion of the court

below overruling the motions for a new trial and for judgment non obstante verdicto.

Judgment affirmed.