# Matthews et ux. *v.* Tyrone Coal Company, Appellant.

*Appeals—Paper-books—Costs—Losing party—Final decision—Acts of April 15, 1907, P. L. 83, and April 27, 1909, P. L. 263.*

Where plaintiffs recovered a judgment in the common pleas and being dissatisfied with the court's rulings on the measure of damages, take an appeal to the Supreme Court, which is decided against them and the judgment of the lower court affirmed, they are the losing party against whom a final decision is rendered. As such, they are liable for the costs of the appeal, including the expense of printing the paper-books.

Argued April 23, 1920. Appeal, No. 87, April T., 1920, by defendants, from judgment of C. P. Westmoreland County, August T., 1917, No. 273, in the case of Minnie Matthews and J. H. Matthews, her husband, in right of his wife and for her use, and Nora A. Fox, v. Logan Rush and W. E. Rice, partners, trading as Tyrone Coal Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Exceptions to taxation of costs by prothonotary. Before SNYDER, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions and entered a decree against the defendants for costs amounting to $244.66, including the expense of printing the paper-book. Defendants appealed.

*Error assigned* was the order of the court.

*Charles E. Whitten,* of *Gaither & Whitten,* for appellant.

*John E. Kunkle,* for appellee.

OPINION BY KELLER, J., July 14, 1920:

This appeal involves the construction of the Act of April 15, 1907, P. L. 83, as amended by the Act of April 27, 1909, P. L. 263, which provides: "That in all cases, either in law or equity, wherein an appeal is taken from any judgment, decree or order to the Supreme or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs such amount as shall have been expended for printing paper-books upon said appeal. The cost of printing the paper-book of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

The plaintiffs brought an action in trespass for damages for the mining and removal of coal from under their premises, and recovered a verdict for $2,201.19, on which judgment was entered in their favor. Being dissatisfied with the court's rulings on the measure of damages, etc., they took an appeal to the Supreme Court. The defendants did not appeal. The Supreme Court decided the appeal against the plaintiffs and in favor of the defendants, and affirmed the judgment of the court below (262 Pa. 524). The prothonotary having refused to tax the plaintiffs' costs on the appeal and the expense of printing their paper-book as a part of the costs to be paid by the defendants, the plaintiffs appealed from the taxation, and their exceptions were sustained by the court below.

The act does not provide that the costs of the paper-book shall be recovered by the party in whose favor judgment is finally rendered in the action, but in whose favor the "final decision" is rendered. Judgment was rendered in favor of the plaintiffs and against the defendants in the court of common pleas on June 21, 1918. The final decision of the Supreme Court was rendered against the plaintiffs and in favor of the defendants on

January 4, 1919.  That was the last "decision" in the case, and the Act of 1907 aforesaid, imposed on the party losing that decision,—the plaintiffs,—the expense of printing the paper-books and the other costs incident to the appeal.

The learned judge of the court below frankly stated that his disposition of the matter worked "manifest injustice" but felt constrained to such action by the decisions of this court in the cases of Henning v. Keiper, 43 Pa. Superior Ct. 177, and Knoller v. Everett Realty Co., 65 Pa. Superior Ct. 169.  A careful examination of those cases and the original appeals involved in them, will distinguish them from the present one.  The decision on the merits in Henning v. Keiper, will be found in 37 Pa. Superior Ct. 488.  An examination of the assignments of error filed by the defendant in that appeal shows that the first three complained of the trial judge's answer to the defendant's points, and attacked the right of the plaintiff to recover at all; the fourth assignment was to the action of the court in entering judgment for treble the damages fixed by the verdict.  This court over-ruled the assignments which urged the reversal of the judgment and the grant of a new trial, but sustained the specification against treble damages and directed judgment to be entered for the plaintiff for the amount of the verdict.   While the decision of this court was favorable to the defendant to the extent of reducing the judgment two-thirds, nevertheless, the final decision was against him for he had endeavored by his appeal to reverse the verdict and judgment and failed to do so.   Judge RICE, in the appeal on the question of costs (43 Pa. Superior Ct. 177), distinctly referred to this feature of the case: "It is to be observed that on that appeal there were several assignments of error urged by the appellant and that the only one that was sustained was that which related to the trebling of damages.  The result was a judgment in favor of the appellee, but for a less amount than he had recovered in the court below," p. 178.   The situ-

ation was the same in the Knoller v. Everett Realty Company case. The decision on the merits is reported in 57 Pa. Superior Ct. 269. A review of that case shows that the first and third assignments of error filed by the defendant, which attacked the validity of the verdict and judgment as a whole, were overruled, while the second, which was to the failure to allow a credit for certain rent (amounting to $279—see 65 Pa. Superior Ct. 169, p. 170), was sustained and a new venire awarded. Subsequently, on reargument before this court, the judgment was modified by allowing a credit for $279, and as so modified was affirmed (59 Pa. Superior Ct. 544). The opinion of this court on the reargument shows that the appellant (the defendant), strenuously attacked the entire judgment and sought not merely a reduction of its amount, but its total reversal. While, therefore, the decision of this court was partially favorable to the defendant in that it reduced the amount to be paid the plaintiff, the final decision was in favor of the plaintiff because it preserved to him the judgment appealed from though in a less amount, and this court rightly held in 65 Pa. Superior Ct. 169, that the defendant was the losing party and must pay the expense of printing the paper-books. In both the Henning and the Knoller cases, the plaintiff was compelled to defend his judgment and was successful in doing so, and hence the "final decision" was rendered in his favor.

That is not the case here. The defendants took no appeal; they made no attack on the plaintiff's judgment. The plaintiffs themselves sought a reversal of the action of the court below and failed entirely. The judgment in the court below was not disturbed and the plaintiffs lost their appeal therefrom. That was the "final decision" in this action, and it carried with it no reward to the losing party by imposing the expense of printing his paper-book on the successful party in the final issue. A construction which would assure an appellant the payment of his costs on appeal, regardless of the merits

of his case, will not be resorted to unless the language of the statute imperatively requires it. This act does not.

This ruling is in entire harmony with the above cases and our decision in Penna. Co. v. Wallace, 44 Pa. Superior Ct. 64, and is in exact accord with the action of the Supreme Court in Cameron v. Paul, 11 Pa. 277.

The assignments of error are sustained and the order is reversed, the costs on this appeal to be paid by the appellees.