## Mahony, Trustee, *v.* Boenning et al., Appellants (No. 1).

Argued April 18, 1939.  Before KEPHART, C. J., SHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Alexander Conn,* for appellants.

*I. Emanuel Sauder,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 19, 1939:
This is an action of assumpsit.  The statement of claim
contains two separate and distinct causes of action.  In
this opinion, we shall deal with only one of them, for
$3,039.13, with interest, which culminated in a verdict
in plaintiff's favor for $4,557.03, as a result of binding
instructions by the trial judge to that effect.  We have
this appeal by defendants from the judgment entered on

the verdict, their contention being that judgment should be entered for them.

The evidence shows that C. D. Parker & Co., Inc., a Massachusetts corporation (of which Thomas H. Mahony, the plaintiff, is trustee in bankruptcy) in 1929 was engaged in the brokerage business in Boston. Defendants, Boenning & Co., were likewise engaged in Philadelphia. In August, 1929, Parker & Co., organized a syndicate composed of numerous dealers in securities to market the stock of a corporation, called Seaboard Utilities Shares Corporation. Defendants had a 1½% share in the syndicate and thereby were entitled to that percentage of the profits and liable for a like percentage of the losses. Parker & Co. was the syndicate manager. In the course of its operations, the syndicate traded in nearly 800,000 shares of a money value of almost $9,000,000. As a result of the financial crash of 1929, Parker & Co., as syndicate manager, sustained a loss of $202,000, of which defendants' share of 1½% amounts to, the before stated sum, $3,039.13. $150,000 of the total loss of $202,000 represents sums paid by Parker & Co. to members of the syndicate as anticipated profits, of which defendants received in cash $2250. The outright loss to defendants is only $789.13.

Defendants argue (1) that the action cannot be maintained upon the statement of account rendered by Parker & Co. to them in the absence of evidence as to the correctness of the items contained in the account; (2) that the statute of limitations bars recovery; (3) that the trustee in bankruptcy of Parker & Co. cannot sue in his own right for defendants' proportionate share of the losses sustained by the syndicate.

Defendants concede they were members of the syndicate and that they received from Parker & Co. the surmised profits of $2250. They say they never received or signed the copy of the syndicate agreement which Parker & Co. alleged was mailed to them. This agreement contains a provision: "Apportionment and dis-

tribution by the Managers of profits or losses, outlays, charges and expenses shall be conclusive on the Account and the Participants, as shall be the written statement of the Managers of the results of the Account and of the amount of shares or cash or other property distributed among the Participants." Defendants contend that they are not bound by this provision of the agreement because they had no knowledge of it, did not receive the document and did not execute it. An unsigned copy of it was produced from Parker & Co's. files and a copy of a letter dated October 5, 1929, from them to Boenning & Co., which stated: "Enclosed please find two copies of 'Seaboard Utilities Shares Corporation Common Stock Account dated August 31, 1929, Agreement' properly signed by us. Kindly sign on the third page and retain one copy for your file, returning the other copy for our files." The private secretary of a vice-president of Parker & Co., who apparently was in charge of the syndicate, testified in substance that she was in charge of the correspondence and, although she could not actually remember the mailing of the letter with its enclosures, the records of Parker & Co. indicate that it was mailed. Henry D. Boenning, one of the partners in defendant firm, would not say the agreement had not been received, but on the witness stand reasoned that it had not been, stating: "In the absence of any original in our file, I would say we did not receive such letter, although I am not saying we did not receive it. I have no recollection personally of ever having seen these original agreements. They may have been received by some one else, although, as I say, we have no record in our files to prove that they were at any time received." No other member of defendant firm testified that they did not receive the agreement. If they did receive the agreement, whether they signed it and returned it, or not, is immaterial, if they acted upon it: *Knight v. Gulf Refining Co.*, 311 Pa. 357, 166 A. 880. Whether they received the agreement or not, it is admitted they re-

ceived a complete statement of account from Parker & Co. on June 24, 1930, exhibiting the transactions that it had carried on and showing the amount due, which is here claimed. They not only received this statement of account, but also later statements exhibiting the same indebtedness. None of these did they question or repudiate. These accounts became accounts stated which bound defendants and rendered them liable for the amounts appearing by the accounts to be due, in the absence of repudiation by them or of any proof of fraud or mistake: *Thompson v. Fisher*, 13 Pa. 310; *Buckley v. Paving Co.*, 132 Pa. 572, 19 A. 341; *Peirce v. Peirce*, 199 Pa. 4, 48 A. 689; *McMullin v. Reid*, 213 Pa. 338, 62 A. 924; *Krick v. Fairy Silk Co.*, 311 Pa. 202, 166 A. 554; *Montgomery v. Van Ronk*, 328 Pa. 508, 195 A. 910; *Tribulas v. Cont. Eq. T. & Tr. Co.*, 331 Pa. 283, 200 A. 659; Restatement, Contracts, Sec. 422(2); 6 Williston on Contracts, Sec. 863. This warranted the court in instructing the jury to find for plaintiff.

Defendants' position that recovery is barred by the statute of limitations is based upon the proposition that the syndicate terminated on January 29, 1930, and suit was not commenced until May 19, 1936. The record indicates that, perhaps, active trading in the securities did cease by January 29, 1930. The clearing up of the details connected with it and the statements of account were not rendered until June 24, 1930. This being so, the statute of limitations had not run: *Slayback v. Alexander*, 179 App. Div. 696, 167 N. Y. S. 194; 1 Am. Jur. 289; 1 C. J. S. 742; Meyer "Stock Brokers and Stock Exchanges" 670.

We are not impressed with the argument that the action cannot be maintained by the trustee in bankruptcy of Parker & Co., but that it must be brought on behalf of the syndicate. The evidence indicates that the outlays which were made were made by Parker & Co. individually, and when the accounts were rendered by them to defendants, this was not challenged. An

agent, under the circumstances here presented, may recover from his principal losses sustained by him in the conduct of his principal's business: Restatement, Agency, Sec. 439. See also *Hill v. Jones,* 152 Pa. 433, 25 A. 834; *Armstrong v. Bickel,* 217 Pa. 173, 66 A. 326; *Louchheim v. Gilmore,* 248 Pa. 121, 93 A. 371.

Judgment affirmed.