Mahony, Trustee, *v.* Boenning et al., Appellants.

Argued December 18, 1939.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*Alexander Conn,* for appellants.

*I. Emanuel Sauder,* for appellee.

OPINION BY KELLER, P. J., April 10, 1940:

On May 19, 1936, Thomas H. Mahony, trustee in bankruptcy of C. D. Parker & Co., Inc., brought an action of assumpsit in Philadelphia County against Henry D. Boenning et al., partners trading as Boenning & Co. Both Parker & Co. and Boenning & Co. were engaged in business as brokers; the former in Boston, the latter in Philadelphia.

The action embraced two separate and distinct claims: (1) For $4557.03 (including interest), for defendants' share of losses due plaintiff under a syndicate agreement formed to market the stock of Seaboard Utilities Shares Corporation; (2) for $72,478.89 (including interest), for the purchase price of 5195 shares of the common stock of Railroad Shares Corporation. The claims bore no relation to each other and

were so separate and distinct that the Supreme Court in disposing of the appeals filed two separate opinions. See 335 Pa. 210, 6 A. 2d 793, and 335 Pa. 215, 6 A. 2d 795, respectively.

The court below submitted both matters to the jury, which found for the plaintiff for $4557.03, the amount claimed under No. 1, and against him as to No. 2. Judgment was entered on the verdict and both parties appealed; the defendants from the judgment against them for $4557.03 on the first item of claim, (No. 155 January Term, 1939) ; the plaintiff from the judgment on the verdict finding against him as to the second item of claim for $72,478.89, (No. 204 January Term, 1939). The Supreme Court affirmed the judgment, ruling against the defendants, appellants to No. 155, in 335 Pa. 210, 6 A. 2d 793, and against the plaintiff, appellant to No. 204, in 335 Pa. 215, 6 A. 2d 795.

This appeal is concerned solely with the liability for costs in printing the record and briefs on the plaintiff's appeal to No. 204 January Term, 1939.

As the judgment in the court below was in favor of the plaintiff, though for a much less amount than he sought to recover, the judgment carried with it liability by defendants for all costs in the court below up to the entry of the judgment, and also for all costs on the appeal taken by defendants to No. 155 January Term, 1939, including the costs of printing the record and the plaintiff appellee's brief.[1] No one disputes this liability on the part of the defendants. It so happens that the record relating to claim No. 1 was small as compared to the record relating to claim No. 2. The defendants, as appellants, very properly and in conformity with the rules of the Supreme Court, confined the printed record in their appeal to the matters involved in that appeal. So when the plaintiff prepared the brief and

---

[1] Act of April 27, 1909, P. L. 263, amending Act of April 15, 1907, P. L. 83.

record on his appeal he had to print a very much larger record and it is the cost of printing this record and brief on the appeal to No. 204 which is involved in this appeal. The plaintiff claims that as his judgment against defendants in the court below still stands, he is entitled to recover from the defendants the costs of printing his brief and record on his appeal, even though that appeal was decided adversely to him. The defendants, recognizing their liability for all the costs incurred in the court below up to entry of the judgment and for all the costs on their appeal (No. 155), claim that the appeal costs on No. 204, which was decided in their favor by the Supreme Court, must be paid by the loser in that appeal, viz., the plaintiff.

The court below sustained the plaintiff's position. We are of opinion that this was error and that the defendants' position is the correct one. The case is ruled in favor of the defendants by the principles enunciated in *Matthews v. Tyrone Coal Co.*, 74 Pa. Superior Ct. 588 and *Soltaniuk v. Metropolitan Life Ins. Co.*, 137 Pa. Superior Ct. 537, 539, 10 A. 2d 96.

In *Matthews v. Tyrone Coal Co.*, supra, the plaintiffs sued and recovered a verdict for $2201.19, on which judgment was entered. Being dissatisfied with the court's rulings on the measure of damages, plaintiffs took an appeal to the Supreme Court. [The jurisdiction of the Superior Court at that time (1918) was limited to $1500—Act of May 5, 1899, P. L. 248]. The Supreme Court affirmed the judgment (*Matthews v. Rush et al.*, 262 Pa. 524, 105 A. 817). The prothonotary having refused to tax the plaintiffs' costs on the appeal and the expense of printing their paper books as part of the costs to be paid by the defendant, the plaintiffs appealed from the taxation and their exceptions were sustained by the court below. Defendant appealed to this court and we reversed the judgment. In the opinion, we distinguished the case from *Henning v. Keiper*, 43 Pa. Superior Ct. 177 and *Knoller v.*

*Everett Realty Co.,* 65 Pa. Superior Ct. 169, and pointed out that in both those cases only the defendants had appealed (see 37 Pa. Superior Ct. 488; 57 Pa. Superior Ct. 269 and 59 Pa. Superior Ct. 544, respectively), and had attacked the validity of the entire judgment, seeking not merely a reduction of its amount, but its total reversal; and hence that although the decision on appeal was partially favorable to the defendant, in that it reduced the amount to be paid the plaintiff, the final decision was in favor of the plaintiff because it preserved to him the judgment appealed from, though in a less amount; the situation in those cases being similar to the present defendants' appeal to No. 155, on which defendants must pay all costs. We said in the Matthews case, supra, "The act does not provide that the costs of the paper books shall be recovered by the party in whose favor judgment is finally rendered in the action, but in whose favor the 'final decision' is rendered. Judgment was rendered in favor of the plaintiffs and against the defendants in the court of common pleas on June 21, 1918. The final decision of the Supreme Court was rendered against the plaintiffs and in favor of the defendants on January 4, 1919. That was the last 'decision' in the case, and the Act of 1907 aforesaid, imposed on the party losing that decision,— the plaintiffs,—the expense of printing the paper books and the other costs incident to the appeal. (pp. 589, 590) ....... The plaintiffs themselves sought a reversal of the action of the court below and failed entirely. The judgment in the court below was not disturbed and the plaintiffs lost their appeal therefrom. That was the 'final decision' in this action, and it carried with it no reward to the losing party by imposing the expense of printing his paper book on the successful party in the final issue. A construction which would assure an appellant the payment of his costs on appeal, regardless of the merits of his case, will not be

resorted to unless the language of the statute imperatively requires it. This act does not." (pp. 591-2).

This was in strict accord with the ruling of the Supreme Court in *Cameron v. Paul*, 11 Pa. 277, in which it was held that a plaintiff, who, dissatisfied with the judgment of the court below, sued out a writ of error without success, was not entitled to the costs in error. The court said (p. 278) : "The plaintiff is, consequently, not entitled to the costs in error. Indeed, it would be inequitable to give them in a case like the present, where the plaintiff, dissatisfied with a judgment in his own favour, appeals to this court without success. Why should he make the defendant pay for the experiment?"

In the case of *Soltaniuk v. Metropolitan Life Ins. Co.*, supra [137 Pa. Superior Ct. 537], on the trial in the court below the plaintiff recovered a verdict for $1086.50. The defendant admitted liability for the premiums paid, $42.71, and presented a point for binding instructions in favor of the *plaintiff* for that amount. Subsequently the court entered judgment for the *defendant* non obstante veredicto. Plaintiff appealed and endeavored to obtain the entry of judgment on the verdict. We reversed (133 Pa. Superior Ct. 139, 2 A. 2d 501) and entered judgment for the plaintiff for $42.71. The final decision was then in favor of the plaintiff but for a very much less amount than he claimed, but we held in 137 Pa. Superior Ct. 537 that it carried with it the costs on appeal, including the printing of the paper books. But we said (p. 539) : "When the court below, instead of entering judgment non obstante veredicto for the plaintiff for $42.71, erroneously entered judgment for the defendant, it was the latter's duty promptly to call the court's attention to the error, in order that it might be corrected before an appeal was taken by plaintiff. If it had done so, and the judgment had been corrected by the court to conform to defendant's point for binding instructions, then an appeal by the plaintiff from that judgment would have been dismissed and the judgment

would have been affirmed, and the costs on appeal would have been payable by plaintiff, the losing party on the appeal, just as in *Matthews v. Tyrone Coal Co.,* 74 **Pa.** Superior Ct. 588." We further held, that the costs of printing the paper books on a re-argument which the plaintiff had secured and which proved fruitless, were payable by him and not by the defendant, saying on that point: "A re-argument is not the equivalent of a second appeal following the reversal of a judgment, and it does not have the effect, as to payment of costs, that a second appeal does. See *Penna. Co. v. Wallace,* 44 Pa. Superior Ct. 64. We think, however, that if no change results from it, the petitioner for the re-argument should pay the costs attendant on the re-argument, just as a party who secures the continuance of a case on trial, subject to payment of costs, must pay the witness bills incurred at that session, irrespective of the final outcome of the case. We are of opinion that as the re-argument held on plaintiff's petition resulted in no change in the judgment, the costs on the re-argument should be paid by the plaintiff; but that the other costs are payable by the defendant."

Of course, where the judgment of the appellate court orders or approves a new trial, there is *no final decision* until that trial has been had; and all the costs, including the paper books on the first appeal, must await the outcome of the final trial. If an appeal is taken from the judgment on that trial, the costs of that *appeal* will be payable by the party who loses the final decision on appeal.

For that reason the defendants are liable for all the costs in the court below and all the costs, including the paper books, on their appeal from the judgment. But if plaintiff was not satisfied with his judgment and saw fit to take his own appeal, and failed entirely to increase his judgment in the slightest degree, he must pay the costs on his own appeal, including the expense

of printing the paper books, for the final decision on that appeal was against him.

If the law were as plaintiff contends, a plaintiff might harass and annoy a defendant with groundless and causeless appeals, without subjecting himself to any liability for costs, simply because he obtained a judgment in the court below. A plaintiff entitled to recover a claim of $1000, might demand and sue for $100,000 and on recovering a just judgment for $1000 might appeal and contract a printing bill of $4000 or $5000 which the defendant would be obliged to pay although the final decision on the appeal was in his favor. The Act of 1909 does not so provide. If the plaintiff's appeal had resulted in the increase or betterment of his judgment in the smallest degree, it would have carried with it all the costs, including the expense of printing the paper books; but as the final decision on his appeal was against him, he must bear himself the costs incident to that appeal.

The present case is precisely like the case of *Matthews v. Tyrone Coal Co.*, supra, except that in that case the defendant took no appeal, while in this one the defendants did. But the appeal of the defendants related to an entirely different matter from that involved in this plaintiff's appeal. It was this fact which necessitated the printing of a much larger record than was required for the defendants' appeal. The defendants, of course, must pay all the costs in connection with their own appeal, but, because of the different and distinct matters raised by the appeals, they are not liable for the costs incurred in connection with plaintiff's appeal. The result would be otherwise if both parties appealed from the judgment on a single issue. Then the position of the plaintiff would have merit.

The assignments of error are sustained. The judgment is reversed and the record is remitted to the court below for taxation of costs in accordance with this opinion.