## Bell, Secretary of Banking, v. O'Connor's Executors et al. No. 2

354

*H. C. Hubler*, for plaintiff.

*J. Desmond Kennedy*, for defendants.

*Russell J. O'Malley* and *John R. Lenahan*, for additional defendant.

LEACH, P. J., December 13, 1940.—The Miners Savings Bank & Trust Company of Olyphant, Pa., went into receivership in September 1931. An assessment against the stockholders followed later and the name of John O'Connor stood upon the books of the company as the owner of 20 shares of stock of the said bank. Notice was sent to his estate and the estate was sued for that amount. Thereupon an affidavit of defense was filed setting forth that John O'Connor sold the said 20 shares of stock in 1928 to Dan G. Jones, then president of the bank and now deceased, for $5,000. The petition to bring in the estate of Dan G. Jones as an additional defendant was filed under the court rules. The estate appeared by counsel and moved to dismiss the petition.

One of the grounds for dismissal is that the additional defendant is not liable because the statutory liability is based upon a penal statute which requires notice to all registered stockholders, and defendant was not a registered owner. The second ground is that the statute is penal and must be strictly construed, and therefore the additional defendant could not be liable over to the original defendant.

The stockholders of a bank are compelled by statute to pay the par value of their stock a second time if the bank becomes insolvent and such payment is necessary to pro-

tect the depositors. Counsel for the additional defendants assume that this liability is penal. They cite no authority for such assumption. Stockholders of a bank know that such liability is imposed before the charter is granted. A charter is construed as a contract between the State, the corporation, and its shareholders. The shareholders knew the terms of the contract, and the mere fact that it is a different contract than one made with the shareholders of a water company or baseball club does not warrant the assumption that it is a penal statute. The business conducted by a bank is vital to the community and the privileges granted to stockholders are guarded accordingly.

The Act of May 13, 1876, P. L. 161, under which banks are incorporated, provides that every person to whom stock shall be transferred as aforesaid shall, in proportion to shares received, succeed to all the rights and liabilities of the prior holder thereof. One of the liabilities is that of being assessed on the par value of the stock when the bank fails.

It is not necessary to have the transfer of title recorded or registered on the books of the corporation in order for a person to become a stockholder or shareholder in the corporation: Uniform Stock Transfer Act of May 5, 1911, P. L. 126, sec. 1, 15 PS §301; Connell's Estate, 282 Pa. 555; Soltz v. Exhibitors' Service Co. et al., 334 Pa. 211.

The further argument that the estate of Jones is not liable over to the estate of O'Connor because Jones' stock still stood in O'Connor's name does not impress us. O'Connor has done everything necessary to permit Jones to have the title properly marked in his own name. Had O'Connor thereafter received the dividends and converted them to his own use, there would be no question that Jones could recover from him if Jones neglected to have the stock properly marked "transferred". He should not thereby be permitted to cast an extra burden upon O'Connor. Such recovery has been permitted in Louchheim v. Gilmore, 248 Pa. 121. The general rule is set forth in

the A. L. I. Restatement of Restitution, §76, p. 331, as follows:

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

Now, December 13, 1940, the rule to dismiss the petition to bring in additional defendant is discharged, and the said additional defendant is ordered to answer within 15 days.