The Keystone Axle Company, a Corporation, Appellant, *v.* A. R. Leyda, G. E. Smith, A. M. Jolly, C. P. Wal-lace and J. C. Whitla.

*Contract—Written contract—Parol evidence.*

Testimony to alter or overthrow a written agreement must be clear, precise and indubitable, and it must be of a higher and greater degree than is necessary to qualify or contradict or change a parol agreement.

In an action upon a written contract against five defendants, where the defense is based upon fraudulent misrepresentations on the part of the persons who induced the defendants to sign the agreement, the five defendants do not count as one, but as five independent witnesses where the question is whether the rule which requires more than one witness to impeach a written contract has been complied with. The objection to their testimony goes to their credibility, not to their competency.

Argued Oct. 21, 1898. Appeal, No. 195, Oct. T., 1898, by plaintiff, from judgment of C. P. Beaver Co., March T., 1897, No. 88, on verdict for defendants. Before Green, Williams, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit on a contract. Before James Sharp Wilson, P. J.

At the trial it appeared that on October 24, 1895, defendants executed an agreement in writing by which they bound themselves to sell certain land to the plaintiff, and subscribed the sum of $10,000 to its capital stock. The object of the agreement was to induce the plaintiff to build its plant in a certain borough.

All of the defendants testified that they were induced to sign the agreement by representations made to them by the agents of the plaintiff, that it had a patent process for the manufacture of car axles which would revolutionize the business; that it desired to secure a location at or near Beaver Falls, and that if it could secure a suitable location it would be glad to locate there;

that its capital stock was $200,000,—$100,000 of which had been issued to John T. Rowley, the patentee; that plaintiff would raise $65,000 with which to erect the factory if defendants would furnish it with five acres of land upon which to erect the buildings, and subscribe $10,000 of stock; that it would employ 300 men and would erect at least 100 houses. Defendants further testified that the agents alleged that they were in a great hurry to get away in order to catch a train, and that if defendants would sign the proposition as prepared and presented to them they would return within a few days and enter into a written contract, in detail, and therein set forth that said sum of $10,000 referred to in the proposition was not to be paid until the plant was erected and in successful operation, and that the said sum of $10,000 was to be used only as working capital and not to be paid until it was necessary to be used for the purpose aforesaid, and that they desired to have the proposition signed on that particular day, in the manner in which it was already prepared, in order that they might show it to others as evidence of the good faith of the defendants in giving the land therein set forth; that relying upon these representations, the defendants signed the proposition above referred to, and, in accordance with the agreement, executed and delivered a deed for the land, worth at least $5,000, but refused to pay the stock subscription, since the representations which induced them to subscribe the stock were never fulfilled; the plant was never put in successful operation and the company entirely failed to manufacture axles under the process referred to.

Plaintiff's points and the answers thereto were as follows:

1. The defense in this case rests solely on an alleged contemporaneous parol agreement, which has only been testified to by the defendants, parties to the contract in suit, and is not supported by any other witness, or any fact, or any other corroborating circumstances equivalent to another witness. *Answer:* This point is refused. [1]

2. Under all the evidence the verdict must be for the plaintiff. *Answer:* Refused. [2]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. H. S. Thompson* and *A. P. Marshall*, for appellant.—There

are but two questions raised by the assignments of error in this case : first, whether the parties of one part to a written contract can be permitted to squarely contradict and alter its terms by their own testimony, unsupported by any other witness, and not corroborated by a single fact or circumstance; second, whether, under all the testimony and the facts and circumstances surrounding this case, a chancellor would have reformed the contract in suit.

On the first question counsel cited Campbell v. Patterson, 95 Pa. 447; Thomas & Son v. Loose, Seaman & Co., 114 Pa. 35. On the second question they cited Wylie v. Mansley, 132 Pa. 65; Phillips v. Meily, 106 Pa. 536.

*J. Rankin Martin, John M. Buchanan* and *Wm. A. McConnel,* for appellees, were not heard.

PER CURIAM, October 31, 1898:

The instructions of the court below to the jury as to the kind. of testimony necessary to alter or overthrow a written agreement were strictly correct and in accord with our decisions. The jury were told several times over that the testimony must be clear, precise and indubitable, and that "it requires a higher and greater degree of evidence than to qualify or contradict or change a parol agreement." The defense consisted also in part of alleged fraudulent misrepresentations on the part of the persons who induced the defendants to sign the written agreement. There were five defendants, and all of them testified as to both branches of the defense, and these counted not as one, but as five independent witnesses. This was a sufficient compliance with the rule that requires more than one witness to impeach the terms of a written contract: Pyroleum Appliance Co. v. Williamsport Hardware and Stove Co., Limited, 169 Pa. 440. The objections to the testimony of these witnesses go to their credibility and not to their competency. There was no error in the answer of the court to the plaintiff's points, and the assignments of error must be dismissed.

Judgment affirmed.