Miller, Appellant, v. Interstate Casualty Company of New York.

*Insurance—Accident insurance—Parol evidence to vary written agreement.*

Where a policy of accident insurance describes the insured as "collector and constable serving civil writs only," and provides that in case of injuries intentionally inflicted upon the insured either by himself or any other person that the liability of the company shall be a sum equal to the last premium paid, and the insured is subsequently injured in an assault committed upon him by a person upon whom he was serving civil process, and the plaintiff claims the damages allowed for accidental injuries on the ground that he had a parol agreement with the company by which the policy was to cover his risk in his business as constable and collector, the plaintiff is not entitled to recover where the testimony introduced by himself leaves it in doubt whether the understanding was that the policy negotiated for was to indemnify him at the full rate for all injuries received by him when serving civil process, whether intentionally inflicted or not, or for "accidental injuries" only.

Argued Jan. 22, 1901. Appeal, No. 35, Jan. T., 1901, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1897, No. 785, on verdict for plaintiff in case of John S. Miller v. The Interstate Casualty Company of New York. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a policy of accident insurance. Before EDWARDS, J.

The facts appear by the opinion of the Superior Court.

At the trial the court reserved the following points:

8. It being the undisputed evidence in this case that the in-

juries complained of here were intentionally inflicted upon the insured by Lee W. Nichols, the measure of the company's liability is the sum of $20.00, the same having been agreed upon by the plaintiff, and the defendant, as in full settlement, and that will be the amount of your verdict if you find in favor of the plaintiff.

9. It is only where a chancellor would reform the instrument that parol evidence is admissible to contradict or vary its terms. In the case at bar the plaintiff's contention amounts to a bill in equity to reform the policy of insurance upon which the action is brought, by striking out from the third paragraph the conditions in the clause which restricts the liability of the company for injuries suffered by the insured by the intentional conduct of himself or any other person, and substituting therefor a condition which does not apply to injuries sustained while serving civil writs, and as the evidence offered to support the plaintiff's contention is not such as would move a chancellor to reform the instrument the plaintiff cannot recover more than $20.00, the amount of the last premium.

The jury returned a verdict for plaintiff for damages as for accidental injuries subject to the reserved points. Subsequently the court directed judgment for plaintiff for $20.00.

*Error assigned* was in directing judgment for plaintiff for $20.00.

*Charles L. Hawley*, or appellant.—Reformation will be ordered when the policy does not express the actual agreement of the parties: Henwood v. Bellis, 2 Monaghan, 68; Edelman v. Yeakel, 27 Pa. 26; Ford v. Buchanan, 111 Pa. 31; Bickford v. Cooper, 41 Pa. 142; Columbia Ins. Co. v. Cooper, 50 Pa. 331.

The evidence on the part of the plaintiff seems to clearly establish an estoppel: Walsh v. Dwelling House Ins. Co., 2 Lack. Leg. News, 125; Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475; Wachter v. Phœnix Assurance Co., 132 Pa. 428; Light v. Countrymen's Mutual Fire Ins. Co., 169 Pa. 310.

*Howard W. Page*, with him *M. J. Martin* and *Joseph O'Brien*, for appellee.—Parol negotiations leading up to a written con-

tract are merged in the contract and are not to be controlled or affected by parol evidence of the understanding of the parties : De France v. De France, 34 Pa. 385 ; Phillips v. Meily, 106 Pa. 536 ; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35.

The question of waiver does not enter into this case.

OPINION BY RICE, P. J., July 25, 1901:

In the policy of accident insurance in suit the occupation of the plaintiff was described as " collector and constable (serving civil writs only)." The policy declared that it was "issued and accepted by the insured subject to the conditions upon the back " thereof and that " the terms are not waivable by agents, and any modifications thereof shall not be valid unless indorsed upon the policy by the president, vice president or secretary." One of the so-called conditions indorsed on the back and made part of the policy was as follows : " In case of injuries, fatal or otherwise, intentionally inflicted upon the insured (while sane or insane), by himself or any other person, the measure of the company's liability shall be a sum equal to the last premium paid, the same being agreed upon as in full settlement."

The policy was issued on January 15, 1895 and was renewed for another year in January, 1896. In February, 1896, while the plaintiff was serving a civil process, the defendant therein intentionally inflicted serious injury upon the plaintiff by committing upon him an aggravated assault and battery.

The foregoing facts were undisputed and are set forth in the reservation of the question of law ; and, subject to the court's decision of that question, the jury rendered a special verdict in which they found that the plaintiff was entitled to recover $807.14 for total disablement ; $20.00 per week for twenty-three weeks, amounting in the aggregate to $460, for partial disablement; and interest from March 2, 1897, amounting to $217.09. Subsequently the court directed judgment for the plaintiff upon the point reserved for the sum of $20.00, this being the amount of the last premium paid, and from this decision the plaintiff appealed.

The point reserved, certainly as to form, is not free from objection (Casey v. Penna. Asphalt Paving Co., 198 Pa. 348; Mayne v. The Fidelity, etc., Co., 198 Pa. 490) ; but the case was argued upon the theory that, in substance, the question is,

whether as matter of law the testimony introduced by the plaintiff established a waiver of the condition above recited or an estoppel; it being assumed that, if the court would have been justified in giving binding instructions upon that point for the defendant the decision appealed from should not be disturbed.

Coming then to the merits of the case; the plaintiff's contention, as stated by his counsel, is, that he accepted the policy and paid the premium as the result of a clear understanding between him and the company, through its agent, that he was to be compensated for injuries, even if intentionally inflicted by another, provided such injuries occurred during the service by him of a civil writ. Literally this proposition raises no issue either of fact or of law between the plaintiff and the defendant; for the policy entitled the insured to recover for such injuries but limits the amount. What the plaintiff really seeks to establish is the fact that the inducing cause for his acceptance of the policy and payment of the premiums was the agent's promise or representation that the above quoted provision would not apply, or at least, would not be enforced, if injuries, though intentionally inflicted, were received by the plaintiff during the service by him of civil process. This raises no question of waiver, but of the admissibility and sufficiency of parol evidence to contradict or vary written instruments. The cases in this state in which such evidence has been admitted have been classed under two heads: First, where there was fraud, accident or mistake in the creation of the instrument itself and, second, where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed: Phillips v. Meily, 106 Pa. 536. Passing for the present the question of the agent's authority to bind the company by a parol promise repugnant to the express terms of the instrument, we remark, in the first place, that there is no express evidence that anything was said or done at the time the plaintiff accepted the policy which put him off his guard or induced him not to read it. There is no evidence that he did not read it. Therefore the presumption is that he accepted the policy with full knowledge of its contents. In the second place there is no evidence that the agent, in express terms, promised or represented that the clause under con-

sideration would not apply, or would not be enforced, if injuries were intentionally inflicted upon the plaintiff while serving civil process. On the contrary, there is the express and uncontradicted testimony of the plaintiff's witness that this clause was neither discussed nor even mentioned. The case, therefore, is narrowed down to the question of the sufficiency of the evidence to warrant a jury in inferring from all that was said and done, the collateral parol promise above suggested. In support of his contention the plaintiff introduced his own testimony and the testimony of the agent as to the negotiations which took place between them prior to the delivery of the policy. These related principally to the occupation of the plaintiff and the class of risks, and the rate of insurance therefor, to which he belonged; but not to the clause under consideration, as we have already suggested. The plaintiff testified, in substance, that in these prior negotiations he explained to the agent the risks of his occupation and stated that he would not take the policy "unless it covered my occupation as constable and collector." In attempting to give the substance of what was said when the policy was delivered, he testified as follows : "He handed me the policy, and I think I paid him for it then and there, I am not so certain ; at any rate I paid him for it, and he told me that the company had concluded to issue, and I believe he said that on the strength of the letter that he had written to them, explaining my occupation and stated to them that I was particular to have it cover my risk in my business as constable and collector." To show the vagueness and uncertainty of his recollection of what was said in the parol negotiations for the policy, we quote from his cross-examination. "Q. You don't remember exactly what those conversations were? A. I don't remember the exact words. Q. There was a general impression in your mind that the policy was to cover your occupation? A. Yes, sir. Q. That is about all you remember in regard to it, isn't it ; you don't remember the words? A. I don't remember the words, no. Q. You never went over the policy of course, with Mr. Weaver? A. No. Q. You just took it—? A. I took it on Mr. Weaver's statement. Q. You don't remember and can't remember any statement made by him ; it was the result of a general conversation, was it not? A. Yes, sir." Mr. Weaver, the agent, testified on behalf of

the plaintiff as follows : " Before writing the application I asked Mr. Miller to express about his occupation, as in writing insurance every occupation is graded by the hazard. Mr. Miller told me that his occupation was a collector and constable serving civil writs only, and I wrote the application in that way and forwarded it to the company. They declined to issue the policy on the ground of his being a constable serving civil writs only. I then wrote them in regard to the man and the occupation ; that I had known him for a number of years, and I thought that the rating was correct, and they consented to issue the policy. I might add that issuing the policy, if my memory serves me right, was a little under protest by the company ; but, however, they issued the policy at that rating, and I delivered the policy to Mr. Miller, and he paid me for it. I told him it would cover him from any accidental injuries that he might receive while acting as collector or constable serving civil writs only ; and the renewal was delivered in the same way at the same rating. I sent on the premium and they accepted of it to extend the policy for one more year." It is thus seen that the testimony introduced by the plaintiff leaves it in doubt whether the understanding was that the policy negotiated for was to indemnify him at the full rate for all injuries received by him when serving civil process; whether intentionally inflicted or not, or for " accidental injuries " only. With this essential fact in doubt no chancellor would reform the policy by striking out the clause under consideration or by adding the words, " provided such injuries are not inflicted during the service by the insured of civil process." We cannot better state the principle which, passing all other objections, rules the case against the plaintiff, than by quoting from the opinion of Mr. Justice TRUNKEY in Thomas & Sons v. Loose Seaman & Co., 114 Pa. 35. " Parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract, though it may vary, change or reform the instrument. It has been often said that such oral agreement must be shown by evidence that is clear, precise and undubitable ; that is, it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, that they narrate the details exactly, and that their statements are true. Absolute certainty is out of the question : Spencer v. Colt, 89 Pa.

314. Where it is admitted, as here, that the instrument was read by the party who. seeks to reform or avoid it, before the signing thereof, he should be stringently held to the rules of evidence respecting the matter which; if found as a fact, nullifies or reforms the instrument. The laboring oar is with the party who asserts that the paper which he intelligently signed as containing the entire agreement is not what it purports. The instrument itself is the strong evidence to be overcome. In such a case as this it can only be done by the testimony of two witnesses, or one witness corroborated by circumstances equivalent to another." It is a mistake to suppose that the same principles do not apply when the effort is to nullify a plain provision in a policy of insurance which was accepted by the insured with knowledge of its contents and held for a year without objection on his part that it did not truly express the agreement between him, and the insurer. See 2 May on Insurance (4th ed.), sec. 566, Susquehanna Mutual Fire Ins. Co. v. Oberholtzer, 172 Pa. 223, and Sparks v. Flaccus Glass Co., 16 Pa. Superior Ct. 119. The court below correctly held that the testimony both in quantity and in quality falls below the measure of proof required to set aside or vary a written· contract, and we might well have rested the case upon the able opinion filed by Judge EDWARDS in support of that conclusion. This renders it unnecessary to pass upon the question raised by the motion to quash.

The order directing judgment for plaintiff for $20.00 is affirmed.