## Miller *v.* Wise, Appellant.

*Evidence—Parol evidence—Written agreement.*

Parol evidence is admissible of a contemporaneous oral agreement which induced the execution of a written contract though it may vary, change or reform the instrument; but such oral agreement must be shown by evidence that is clear, precise and indubitable. It is error for the court to instruct the jury that they may determine it by the weight of the evidence, or that they may determine it by the party's own testimony and corroborating circumstances.

Argued March 13, 1907. Appeal, No. 20, March T., 1907, by defendants, from judgment of C. P. York Co., on verdict for plaintiff in case of Lewis R. Miller v. Clara Agnus Wise and John Wise. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass for the unlawful taking of cattle.

At the trial it appeared that plaintiff was a tenant of the defendants. Plaintiff claimed that when he went into the possession of the leased premises he took the cattle in question with him, and that when he quit possession he took the cattle with him, and that the defendants unlawfully seized and sold them. A lease designated as paper No. 2 was offered in evidence. The paper contained a clause leasing to plaintiff the cattle in question.

Plaintiff made the following offer:

Mr. Rouse: We propose to .prove by the plaintiff that at the time paper No. 2 was signed, to wit: February 23, 1905, in the office of John W. Heller, that Wise stipulated with Lewis R. Miller that the milk that Wise was to receive from the cattle was to be applied in payment of them as theretofore; that that paper, No. 2, was entered into at that time solely for the purpose of protecting John Wise and Clara Agnus Wise from the creditors of Lewis Miller; that on the strength of that understanding and agreement Lewis Miller signed that paper No. 2.

To be followed by evidence that a similar statement by Mr. Wise was made at the time paper No. 2 was to take effect.

For the purpose of corroborating the plaintiff, and for the purpose of showing title to the cows in question in the plaintiff.

Mr. Wiest: Objected to as improper and irrelevant. It is an attempt to change and modify a written agreement under seal by oral testimony, and is inadmissible.

The Court: You haven't offered to prove and say that if representations had not been made he would not have signed that agreement.

Mr. Rouse: That is in the offer. I will add, that without the representations made by Wise concerning the taking of the milk in payment of the cattle said paper No. 2 would not have been signed by Miller.

Mr. Wiest: Still objected to as improper to attempt to change and modify a written agreement, and further, the evidence offered does not tend to show title in the plaintiff.

The Court: We cannot modify that agreement or change it, by his own individual—

Mr. Rouse: No ; it is to be followed with other testimony.

The Court: We take it the offer means what it says. We will admit the offer for the purpose of showing that there was a contemporaneous verbal agreement. Exception for the defendant. [1]

Plaintiff offers in evidence exhibit No. 25, being the statement furnished by John Wise to L. R. Miller purporting to contain their account of the milk furnished by Miller to Wise and of the charges made against Miller by Wise for the year 1905 ; in order to show, first, that Wise received milk from Miller during the entire year of 1905 ; and, second, for the purpose of showing that Wise charged Miller with $35.00 interest for the year 1905. In connection with the verbal testimony already offered as to the receipt by Wise of milk of Miller during said year in the same manner as prior to said year. For the purpose of showing corroborating circumstances of Miller and Wise's parol agreement made at the time of the signing of the paper marked exhibit No 2. bearing date February 23, 1905.

Mr. Wiest: Objected to as improper evidence for the purpose offered, or for any other purpose. That the uncontradicted evidence as the case stands shows that the entries of the $30.00 and

$35.00 were for the rent mentioned in the lease for these cattle and the other personal property, and were not for interest on any note or contract, and that even without explanation it is not a corroboration of the testimony of the plaintiff as to a collateral or contemporaneous agreement made on February 23. It is irrelevant and immaterial.

The Court : We admit this paper for the purpose of showing corroboration as to the dealings of the party as to this milk —the continuation of the dealing as it was before. And for the purpose of tending to show corroboration of the testimony of Miller that the cows were to be paid for by this milk; and seal an exception for the defendant. I do not think those items of interest have much to do with it; that is a question of argument to the jury. They stand there unexplained, and that is a matter that the jury will have to make out. It is not on account of these items we admit the paper, but on account of the charging of the milk and a continuation of the charging of the milk as before this paper was made. [2]

The court charged in part as follows :

Now, a written paper under seal is held to be the agreement of the parties until it is successfully attacked, and it can only be successfully attacked by showing that there was a contemporaneous agreement made at the same time between the parties which was part of the agreement, and without which agreement the parties would not have entered into the written agreement. Therefore, before you can find a verdict for the plaintiff in this case, he having acknowledged in this lease that the cattle were Mrs. Wise's, and were to be returned to her at the end of his term, and that he was only the tenant of the property, before you can find a verdict for the plaintiff you must be satisfied from the proof—his own testimony and corroborating circumstances existing in the case as to what occurred and what existed the first year before the lease was made, and what is apparent on this statement furnished by the plaintiff himself—whether or not there was such a verbal agreement. If there was, and he merely signed this paper for the purpose of protecting Mr. Wise and Mrs. Wise from the interference of their property, of his own creditors claiming the property, why, then, if you believe the

other testimony of the plaintiff and should not believe the testimony of the defendant, you may render a verdict for the plaintiff, notwithstanding the lease and acknowledgments in the lease. If you do not believe the testimony of Miller that John Wise agreed that the contract should go on as before, and the milk was to pay for the cows, and the corroborating testimony which I have just referred to as to what occurred at the farm in Newberry township, and what is alleged to have occurred at the sale by the plaintiff's witnesses and the plaintiff himself on March 6, and the said affairs existing between them in 1904 in furnishing this milk to the defendant by the plaintiff and its shipment to Baltimore, and the statement of the same milk upon these last statements furnished to plaintiff by defendant, then your verdict will be for the defendant because he acknowledged in this paper, and the paper is in evidence before you, that the cows are the property of Mrs. Wise and he is only the tenant of the same, and he is to deliver up the property at the end of his term. [6]

Verdict and judgment for plaintiff for $283.80. Defendant appealed.

*Errors assigned* among others were (1, 2) rulings on evidence ; (6) instructions as above.

*Allen C. Wiest*, with *John W. Heller*, for appellants.

*John L. Rouse*, with him *John A. Hoober*, for appellee.

OPINION BY ORLADY, J., May 13, 1907 :

This action of trespass was brought to recover damages for the taking of certain personal property, the title to which was in dispute between the parties hereto. The controversy on the trial was the effect to be given to certain alleged contemporaneous agreements or understandings which were made preliminary to, and at the time of the execution of, the contract between the parties. The defendant requested that under the law and the facts in the case the verdict should be directed in their favor, which was refused and rightly so, as there was sufficient of contradiction in the testimony to warrant the court in submitting the case to the jury. The trouble arises through the manner in

which it was submitted to the jury, in the charge, as follows: " Now, a written paper under seal is held to be the agreement of the parties until it is successfully attacked, and it can only be successfully attacked by showing that there was a contemporaneous agreement made at the same time between the parties which was part of the agreement, and without which agreement the parties would not have entered into the written agreement. . . . . Before you can find a verdict for the plaintiff you must be satisfied from the proof, his own testimony and corroborating circumstances existing in the case, as to what occurred and what existed the first year before the lease was made, and what is apparent on this statement furnished by the plaintiff herself, whether or not there was such a verbal agreement."

The English rule that parol evidence is inadmissible to vary the terms of a written instrument has long since been departed from in this state; and since that departure a constant temptation has existed to change the terms of a writing by any and all kinds of evidence, to reach equity, or what is fancied to be equity between the parties. The rule in this state is comprehensively announced in Thomas & Sons v. Loose, 114 Pa. 35, to be: "Parol evidence is admissible of a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change or reform the instrument. It has often been said that such oral agreement must be shown by evidence that is clear, precise and indubitable." These words clear, precise and indubitable or words of equivalent meaning in measuring the degree of proof necessary to vary, reform or contradict a written instrument by evidence of a contemporaneous parol agreement have become so thoroughly implanted in our decisions that they are now indispensable, and may not be departed from in submitting to a jury the disputed facts relating to such a subject-matter. A score and more of decisions may be found in a few of the later cases: Streator v. Paxton, 201 Pa. 135; Sutch's Estate No. 1, 201 Pa. 305; Ogden v. Traction Co., 202 Pa. 480; Miller v. Interstate Casualty Co., 17 Pa. Superior Ct. 360; Butler v. Keller, 19 Pa. Superior Ct. 472. The case was submitted to the jury on the theory that they could discharge their duty by ascertaining in whose favor the weight of the evidence tended; "his own testimony and corroborating circumstances," which under all the decisions is

not of a sufficient grade or weight to destroy the effect of a written contract, and under which decisions the sixth assignment of error is sustained. The reception by the court of the testimony quoted in the first assignment of error was not of itself erroneous, as it was admitted to be but a step in the direction of contradicting the written agreement, and to be followed by other corroborating testimony. To the same effect was the evidence submitted and complained of in the second assignment of error. The other assignments are so intimately associated with the quotation from the charge of the court that it is not necessary to dispose of them severally.

For the reasons above given, the judgment is reversed and a venire facias de novo awarded.