## Armour *v.* United States Express Company, Appellant.

*Carriers—Common carriers—Bill of lading—Oral agreement to contradict written instrument.*

An action against an express company to recover damages for injuries resulting to turkeys from a delay of twenty-four hours in their delivery, cannot be maintained, where the plaintiff relies upon his own uncorroborated testimony to show a special oral agreement with the agent of the defendant, which modified the general language of the bill of lading, and which was the inducement to him to make the shipment.

Argued Oct. 25, 1912. Appeal, No. 166, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1905, No. 782, on verdict for plaintiff in case of Hugh I. Armour v. United States Express Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit against a carrier to recover damages for an alleged delay in delivering a shipment of turkeys. Before KINSEY, J.

The opinion of the Superior Court states the case.

The trial judge gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $118.29. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Paul Freeman,* with him *James F. Campbell,* for appellant.—The alleged parol contemporaneous agreement (for delivery within a certain specified time) being in contradiction of the written contract or bill of lading, upon which suit was brought, must be disregarded, because it was not supported by sufficient evidence: Warden v. Greer, 6 Watts, 424; Keller v. R. R. Co., 196 Pa. 57.

*James Stewart,* for appellee.—It is well-settled law in Pennsylvania that parol evidence is admissible to show an oral contemporaneous agreement which induced the making of the written obligation, though it may vary or change the terms of the written contract, provided such evidence is clear, precise and indubitable: Cullmans v. Lindsay, 114 Pa. 166; Jessop v. Ivory, 158 Pa. 71; Martin v. Fridenberg, 169 Pa. 447.

True, such parol evidence, if denied on oath by defendant, must be proved by more than one witness; but it is respectfully submitted that when defendant offers no evidence in contradiction the plaintiff's testimony alone is competent to prove such parol agreement: Frederick v. Campbell, 14 S. & R. 293; Stubbs v. King, 14 S. & R. 206; Bollinger v. Eckert, 16 S. & R. 422.

OPINION BY ORLADY, J., February 27, 1913:

The plaintiff consigned about 3,000 pounds of dressed turkeys by the defendant express company, from Romney, West Virginia, to Murdock & Co., at Philadelphia. Shipment was made November 21, 1904, at 12 P. M. and the goods arrived at Philadelphia at 7 A. M. November 23. Plaintiff alleged that they should have arrived on November 22, at 7 A. M. and seeks to recover dam-

ages ($81.59) for the deterioration of sixty-three pounds of the turkeys which were unsalable when delivered, and the loss in market value for about 2,900 pounds due to a fall in price which occurred the day prior to their delivery. Attached to his statement of claim is the bill of lading, under which he claims to recover, and in which it is stipulated: "It is agreed that it (the defendant) shall not be liable for any damages to said property caused by the detention of any train or cars, nor by the negligence or refusal of any railroad company to receive and forward said property, and the company is not to be held liable for any loss of or damage to said property, unless in every case the loss or damage be proved to have occurred from the fraud or gross negligence of the company or its servants." To bring plaintiff's case outside this provision he claims that he made a special agreement with the agent of the defendant which modified the general terms used in the bill of lading, by showing a verbal contemporaneous agreement as an inducement thereto. To be of any avail such a contention on the ground of fraud, accident or mistake, the evidence must not only be, of what occurred at the execution of the agreement, but it must also be clear, precise and indubitable, in order to carry the case to the jury. The sufficiency of the testimony for the purpose it was offered was a preliminary one for the court, Keller v. R. R. Co., 196 Pa. 57, and such evidence must be of a higher and greater degree than is necessary to qualify, contradict or change a parol agreement: Keystone Axle Co. v. Leyda, 188 Pa. 322; Sutch's Estate (No. 1), 201 Pa. 305.

We have before us nothing but the uncorroborated testimony of one witness, and that the plaintiff, to radically modify the written bill of lading on which he founds his action, which under all the authorities is not sufficient: Fidelity Trust Co. v. Kohn, 27 Pa. Superior Ct. 374; S. Morgan Smith Co. v. Water Power & Supply Co., 221 Pa. 165.

It is conceded that without the oral testimony the plaintiff is not entitled to recover, there being no loss or

destruction of property, the shipment being delayed but twenty-four hours, and no reason suggestive of negligence was offered to make the carrier liable for a tardy delivery: Crary v. Lehigh Val. R. R. Co., 203 Pa. 525.

Under these authorities it was error to receive this testimony in evidence, and the defendant's first point (first assignment of error), should have been affirmed.

The judgment is reversed.