## Knoller v. Everett Realty Company, Appellant.

*Landlord and tenant—Rent—Evidence—Set-off—Province of court and jury.*

Where in an action of assumpsit the defendant sets up a counter-claim for rent of a house which the plaintiff had for a number of months occupied under a written lease, it is reversible error to permit the jury to pass upon the question whether the plaintiff should be required to pay any rent, where it is admitted that no rent was paid for several months, and the plaintiff does not testify that he was not to pay rent, and no evidence is produced tending to establish a contemporaneous parol agreement to vary, change, or modify the written lease.

Argued Dec. 15, 1913. Appeal, No. 231, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1912, No. 1,353, on verdict for plaintiff in case of Aaron Knoller v. Everett Realty Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit upon a contract. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,384.64. Defendant appealed.

*Errors assigned* among others were (2) portion of charge, quoted in the opinion of the Superior Court.

*Owen J. Roberts*, of *Roberts, Montgomery & McKeehan*, for appellant, cited: Thomas v. Loose, Seaman & Co., 114 Pa. 35; Faux v. Fitler, 232 Pa. 33; Miller v. Wise, 33 Pa. Superior Ct. 589; Fell v. Youngkin, 35 Pa. C. C. Rep. 430; Armour v. United States Express Co., 52 Pa. Superior Ct. 329.

*Henry J. Scott*, with him *Charles L. Smyth*, for appellee.

OPINION BY PORTER, J., July 15, 1914:

The plaintiff brought this action to recover a balance alleged to be due him from the defendant upon a number of contracts for painting buildings. The defendant interposed a number of defenses, among them a counterclaim for rent of a house which the plaintiff had for a number of months occupied under a written lease. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The claim of the defendant for the rental of the building which the plaintiff had occupied was founded upon a written lease, which the plaintiff admitted that he had signed and with regard to which he distinctly testified that the defendant would not have permitted him to enter into possession of the house without having first signed said lease. The lease. called for the payment of rental at a distinctly specified rate per month. There was no dispute as to the time during which the plaintiff had occupied the house. There was no evidence produced tending to establish a contemporaneous parol agreement to vary, change or modify the written contract. The learned counsel for the appellee candidly concede in their brief that: "There was no attempt to reform the lease. The controversy was whether the rent was paid." The learned judge who tried the cause in the court below, in the hurry and confusion of the trial, lost sight of the only issue upon which the jury ought to have been permitted to pass, under the written contract and the evidence, as to this particular claim. In submitting to the jury this claim of the defendant for rent under the lease, he used this language: "On the item of rent, Mr. Knoller lived in that house, and he signed a written lease, which I presume will be sent out with you. I understood Mr. Knoller to claim that he was not to pay any rent. The written lease would negative that idea, and I think that the defendant is entitled to rent for the time that Mr. Knoller lived in the defendant's house and for which rent remains un-

paid. That will be a question for you entirely." This was all that the learned judge said to the jury upon this branch of the case, and it is made the subject of the second specification of error. The question which was thus submitted to the jury was not whether the rent was unpaid, but whether the plaintiff should be required to pay any rent. The plaintiff had in his testimony stated that he had paid the rent for only the first three months of his occupancy of the premises, and distinctly admitted that for the last seven or eight months he had made no payments. The jury were thus permitted to strike down the covenants of the written lease under which the plaintiff had occupied the house, without any parol evidence whatever tending to impeach those covenants. Mr. Knoller had not testified that he was not to pay rent. Even if he had so testified, his testimony not being corroborated by testimony or by circumstances, it would have been erroneous to submit the question of his liability for rent to the jury in this manner: Faux v. Fitler, 232 Pa. 33; Miller v. Wise, 33 Pa. Superior Ct. 589; Armour v. United States Express Co., 52 Pa. Super. Ct. 329. The second specification of error is sustained.

The first specification of error refers to alleged improper language used by counsel for plaintiff in the argument of the case to the jury. There may be a question whether under the evidence in the case the language used was justifiable, but as the judgment is to be reversed on other grounds we do not deem it necessary to pass upon that question. The case was submitted to the jury in a charge which, except in that part which has been considered in disposing of the second assignment of error, was full, fair and adequate, and the third specification of error is without merit.

The judgment is reversed and a new venire awarded.