## Commonwealth, to use, v. New York, Chicago & St. Louis R. R. Co. et al.

*Reed & Spofford,* for use-plaintiff.

*English, Quinn, Leemhuis & Tayntor, J. B. Held,* and *Bryan & Evans,* for defendants.

KITTS, J., March 9, 1939.—This, indeed, is a peculiar situation. Viewers were appointed to assess damages, benefits, etc., on the property of Angelo Vacco in Springfield Township, on account of the relocation of a State highway. The viewers allowed Vacco $3,000. Defendants in this case took an appeal and on trial before the jury the verdict was $2,000. Defendants now ask us to assess the costs as against Angelo Vacco, quoting as their authority part of The General County Law of May 2, 1929, P. L. 1278, as amended by the Act of June 9, 1931, P. L. 401, 16 PS §535, which reads as follows:

"All damages agreed upon or awarded and all costs and expenses incurred shall be paid by the county, except in cases where an appeal is taken by any party in interest from the award of the viewers and the appellant does not recover any greater amount than the viewers' award, in which case the appellant shall pay all costs of such appeal."

It is almost impossible, on account of the phraseology of this section, to determine what was the intention of the legislature in this enactment. Did it mean to say that "any party in interest" would be one or more of the parties plaintiff, or did it mean that it could be either one or both of any of the parties plaintiff or defendant? And what was the intention of the legislature in using the phrase "in which case the appellant shall pay all costs of such appeal?" It evidently was the intention of the legislature to discourage property-owner claimants from appealing to the court of common pleas from the award of viewers.

Angelo Vacco was not the appellant. Defendants in the instant case were really the appellants. Vacco has a verdict in his favor and in our opinion is a successful party, and, owing to doubt in the interpretation of the above section, it is our opinion that the costs follow the verdict and should be paid by defendants and not by Angelo Vacco.

Plaintiff raised another question, contending that an item for attorney fees should be included as expenses or costs in this verdict, and has filed a claim to that effect. With that we cannot subscribe. It is our opinion that attorney fees do not constitute part of the expenses in such a case.

The learned counsel for plaintiff cites Matthews et ux. v. Tyrone Coal Co., 74 Pa. Superior Ct. 588, which really was a law suit regarding the expense of printing paper books. This decision quotes with approval Henning v. Keiper, 43 Pa. Superior Ct. 177. These cases have to do with different items of fact and different acts of the legis-

lature, and while they give some view as to the general principles of law, they are not controlling in the instant case.

And now, to wit, March 9, 1939, it is hereby ordered and decreed that defendant in this case shall pay the costs, not including attorney fees.